UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| **MICHAEL H. LEGER** | * | **CIVIL ACTION NO. 11-1539** |
| **VS.** | * | **JUDGE MELANÇON** |
| **OFFSHORE STAFFING SERVICES OF ACADIANA LLC** | * | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Pending before the undersigned for Report and Recommendation is the Motion for Contempt filed by plaintiff, Michael H. Leger ("Leger"), on January 18, 2012. [rec. doc. 27]. After a hearing on the motion, the undersigned ordered the parties to file a stipulation with the Court regarding the amount of unpaid maintenance accrued through the date of the hearing, which was continuing to accrue at the amount of $25.00 per day until paid. The Court further ordered the parties to brief the issue of whether or not contempt is available under the circumstances of this case. For the following reasons, I recommend that the motion for contempt be **denied** and further recommend that judgment be entered in favor of plaintiff, against the defendant, in the amount of $20,785.16 as of February 10, 2012 and accruing at the rate of $25.00 per day thereafter, until paid in full, plus interest.

**Background**

On August 23, 2011, Leger filed a Complaint under the Jones Act, 46 U.S.C. § 688, and the general maritime law against his employer, Offshore Staffing Services of Acadiana, LLC ("OSSA"), alleging that he was injured while working as a seaman aboard the jack-up rig Seahawk 3000 on April 26, 2011. He asserts that OSSA arbitrarily and capriciously failed to pay maintenance and cure for the duration of his injury.

On September 21, 2011, plaintiff filed a Motion for Reinstatement of Maintenance and Cure, Authorization of Medical Treatment, and Reinstatement of All Back Maintenance Obligations. [rec. doc. 8]. OSSA opposed the motion. [rec. doc. 10]. On December 1, 2011, Judge Melançon held a hearing on the motion, which he granted. By Order dated December 2, 2011, Judge Melançon ordered OSSA to reinstate maintenance payments to Leger in the amount of $25.00 per day starting December 1, 2011; pay cure from that date forward; pay back maintenance in the amount of $4,200.00 ($25.00 per day from June 16-November 30), and pay past cure in the amount of $19,285.16.

On January 18, 2012, Leger filed this Motion for Contempt, in which he asserted that OSSA had not paid his past medical bills, had refused to pay for and/or approve medical treatment, and was no longer paying maintenance, despite

Judge Melançon's Order. [rec. doc. 27]. On February 7, 2012, the undersigned held a hearing on the motion.

## Analysis

At the hearing on the Motion for Contempt, Leger put on evidence as to the amount of maintenance and cure that remained outstanding since the entry of Judge Melançon's Order. Plaintiff represented that OSSA had paid the back due maintenance of $4,200.00, plus an additional $300.00 which did not cover the entire amount of unpaid maintenance. OSSA agreed that it still owes past cure in the amount of $19,285.16 plus an unknown amount of maintenance. The parties further agreed that the current maintenance rate in effect is $25.00 per day. The undersigned ordered the parties to file a stipulation regarding the amount of the unpaid maintenance. OSSA asserts that it has not paid the amount ordered by Judge Melancon because it is financially unable to do so.[1]

Accordingly, the parties agree that there remains an amount due and payable to Leger based on Judge Melançon's order of December 2, 2011. In accordance

---

[1]To successfully establish the defense of inability to pay, the employer must plainly and unmistakably prove that he is financially unable to comply with the order to pay. *Hodgson v. Hotard*, 436 F.2d 1110, 1115 (5th Cir. 1971).

At the hearing, OSSA put on no evidence of inability to pay. This was due to the Court's skepticism that contempt was the proper remedy in this case. If Judge Melancon believes that contempt is a proper remedy, OSSA should be allowed to offer proof of its inability to pay as ordered.

with the undersigned's Order, the parties filed a stipulation on February 7, 2012, in which they stipulated that the amount of unpaid maintenance that OSSA owed Leger through February 7, 2012, is $1,425.00, and that maintenance continues to accrue in the amount of $25.00 per day from February 8, 2012 forward, as previously ordered by Judge Melançon. [rec. doc. 35]. This amount is owed along with $19,285.16 for unpaid past cure. Accordingly, as of the date of this Report and Recommendation, OSSA owes plaintiff $20,785.16 in past due maintenance and cure.

Clearly, OSSA has not complied with Judge Melançon's Order of December 2, 2011. The Court instructed the parties to brief the issue of whether or not contempt was the appropriate remedy for OSSA's failure to comply with Judge Melancon's order; the parties complied. [rec. doc. 38 and 40].

In *Louisiana Ed. Ass'n v. Richland Parish School Bd.,* 421 F.Supp. 973 (D.C. La. 1976) Judge Stagg, of this court, set out the burden which must be carried by a litigant who seeks the remedy of civil contempt:

> The petitioner in a proceeding in civil contempt bears the burden of proving that the respondent violated some court order . . . [citations omitted] . . . The burden that remains with petitioner is to show the violation by clear and convincing evidence. A bare preponderance of the evidence will not suffice. [citations omitted].

*Id.* at 976.

As the Court told the parties at the hearing, the Court's concern was whether or not contempt was the proper remedy for the failure to comply with Judge Melancon's order of December 2, or whether the proper remedy was for the plaintiff to execute on a judgment entered pursuant to that Order. The Court's concern was whether or not contempt was an available remedy for the failure to obey the Court's order to pay past due maintenance and cure.

Neither party has located authority which specifically addresses this question. Similarly, the Court has been unable to find authority directly on point. The burden is on the moving party, the plaintiff here, to show his entitlement to the relief which he seeks, here contempt. The plaintiff has failed to carry that burden.

The plaintiff relies on *Board of Supervisors of the Louisiana State University, et al. v. Smack Apparel Company*, 574F.Supp. 2d 601 (E.D. La. 2008) in support of his position. However, that case is inapposite. In that case, Judge Lemmon held that the defendant had violated the terms of the Court's *injunction* and therefore held that civil contempt was appropriate. Unlike this case, the case before Judge Lemmon did not involve an order to pay a sum certain of money.

While it is true that in some cases courts have granted motions for civil contempt where monetary awards have not been paid, those cases seem to be restricted to occasions where specific federal remedial statutes are involved. That

is not the case here.  *See Hodgson v. Hotard,* 436 F.2d 1110 (5th Cir. 1971) (failure to pay as ordered under the FLSA).

Rather, the Court believes that the remedy for failure to pay maintenance and cure as ordered is execution on the property of the employer or seizure of the vessel.  The Court's position is supported by the fact that a seaman is entitled to recover maintenance and cure from his employer and further has a priority maritime lien on the vessel to secure payment of maintenance and cure.  *See Solet v. M/V Capt. H. V. Dufrene,* 303 F.Supp. 980, 987 (D.C. La. 1969) (the liability for maintenance and cure may be asserted by a member of the crew by an action *in personam* against the employer or by an action *in rem* against the vessel) and *Sunrise Shipping, Ltd. v. M/V AMERICAN CHEMIST*, 1997 WL 627559, 4 (E.D. La. 1997) (a seaman's lien for maintenance and cure outranks all other liens, excepting only expenses of justice during *custodia legis*).

The Court has been unable to locate any case in which the seaman's employer has been held in contempt for failure to pay maintenance and cure after being ordered to do so.

Based on the Order signed by Judge Melançon on December 2, 2012, the evidence presented at the hearing on February 7, 2012 and the parties' stipulation, I recommend that judgment be entered in favor of Leger for unpaid cure in the

6

amount of $19,285.16 and unpaid maintenance in the amount of $1500.00 (as of February 10, 2012) for a total of $20,785.16, with maintenance continuing to accrue in the amount of $25.00 per day from February 11, 2012 forward, plus pre-judgment interest in an amount to be set by Judge Melancon when he enters judgment.

I further recommend that the motion for contempt be **denied**.

Because of the exigency of this case, and because Leger is a seaman and thus a ward of the Court, the Court will reduce the time for the parties to object to this Report & Recommendation to the **close of business on Tuesday, February 14, 2012**. Any objections or other pleadings relating to this Report and Recommendation shall be filed by that date. No responsive pleadings are thereafter allowed. Copies of any objections to the Report & Recommendation shall be provided to the chambers of Judge Melançon and the undersigned.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have until February 14, 2012, to file specific, written objections with the Clerk of Court. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge and the undersigned at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

**FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION BY FEBRUARY 14, 2012, SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.  *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).**

Signed February 10, 2012, Lafayette, Louisiana.

_C. Michael Hill_
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE