U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAFAYETTE

FEB 0 8 2013

TONY R. MOORE, CLERK
BY _____
           DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Leger

versus

Offshore Staffing Services of
Acadiana, LLC

Civil Action No. 6:11-cv-01539

Judge Richard T. Haik, Sr.

Magistrate Judge C. Michael Hill

**ORDER**

Before the Court is defendant, The Hanover Insurance Company's Motion To
Continue Motions For Summary Judgment And Trial And For Expedited Hearing [Rec. Doc.
105] in which Hanover contends that the Court's consideration of plaintiff's pending motions
for summary judgment is premature because it has not had an adequate opportunity to
conduct discovery, and therefore, Hanover cannot properly oppose the motions. Plaintiff,
Michael Leger, opposes Hanover's motion. *R. 106.*

The record indicates that on August 23, 2011, plaintiff, Michael Leger, filed this
action against Offshore Staffing Services of Acadiana, LLC ("OSSA") for injuries he
allegedly suffered while working for Seahawk Drilling, Inc. ("Seahawk") aboard the
Seahawk 3000 jack-up rig. *R. 1.* The Scheduling Order in this action issued on April 11,
2012. *R. 65.* On August 7, 2012, plaintiff filed an Amended Complaint naming Hanover,
Seahawk and Navigators Insurance Company. *R. 78.* Hanover filed its Answer on
September 20, 2012 asserting in its defenses that Seahawk is not an insured under the
Hanover policy and any liability coverage for Seahawk is barred Seahawk's Chapter 11
bankruptcy in the United States Bankruptcy Court for the Southern District of Texas, Corpus
Christi Division, filed on February 11, 2011. *R. 88.* On December 28, 2012, the Court
granted plaintiff's motion to dismiss Seahawk from this action. *R. 91.*

Hanover contends that summary judgment is inappropriate at this time under Rule

56(d) of the Federal Rules of Civil Procedure because there has not been adequate opportunity to conduct discovery, and therefore, it cannot properly oppose the motions for summary judgment. Hanover represents that in order to defend the motions and file its own motion for summary judgment, it must conduct discovery and depositions.

Rule 56(d) provides in pertinent part:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
> Fed. R. Civ. P. 56(d).

"Rule 56(d) discovery motions are 'broadly favored and should be liberally granted' because the rule is designed to 'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.' *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir.2006). The nonmovant, however, 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.' *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir.1980). Rather, a request to stay summary judgment under Rule 56(d) must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.' *C.B. Trucking, Inc. v. Waste Management Inc.*, 137 F.3d 41, 44 (1st Cir.1998) (internal quotation marks and citations omitted). 'If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment.' *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir.1999); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir.1990) ('This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record

shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.')." *Raby v. Livingston,* 600 F.3d 552, 561 (5th Cir., 2010). Thus, to obtain a Rule 56(d) continuance in order to conduct further discovery prior to a ruling on a motion for summary judgment, the nonmovant must make essentially three showings: (1) a description of the particular discovery the movant intends to seek; (2) an explanation showing how that discovery would preclude the entry of summary judgment; and (3) a statement justifying why this discovery had not been or could not have been obtained earlier. *Id.*

Hanover cites the Unsworn Declaration of Miles C. Thomas, Hanover's trial attorney, in support of its motion. *R. 105.* Based on Thomas' representations, Hanover requests additional discovery on several material issues concerning the liability of Hanover: (1) the specifics of plaintiff's work at the time of the alleged accident under the Master Service Agreement between OSSA and Seahawk (MSA); (2) 30 (b)(6) deposition of OSSA as to hiring and training of its employees, the MSA at issue, and the Hanover policy allegedly issued to OSSA at issue; (3) discovery and depositon of the Seahawk Liquidating Trust as it relates to the alleged accident and MSA; (4) depositions of the eyewitnesses and individuals who reported the alleged accident; and (5) discovery as to the records of plaintiff.

Based on the foregoing as well as the fact that Hanover was joined as a party defendant on August 20, 2012, Seahawk was dismissed from this action on December 28, 2012, the Scheduling Order lists a discovery deadline of March 27, 2013 and plaintiff's deposition was taken on January 28, 2013, the Court finds that Hanover has presented sufficient specific facts establishing that discovery is necessary in order to provide it with an opportunity to rebut plaintiff's claims in the pending motions for summary judgment. Summary judgment is not appropriate until after the non-movant has had a fair opportunity for discovery of information essential to its opposition to movant's motion. *Celotex v.*

*Catrett*, 477 U.S. 317, 322 (1986). Thus, plaintiff's motions for summary judgment will be denied without prejudice as premature.

Accordingly,

**IT IS ORDERED** that The Hanover Insurance Company's Motion To Continue Motions For Summary Judgment And Trial And For Expedited Hearing [Rec. Doc. 105] is **GRANTED.**

**IT IS FURTHER ORDERED** that the July 22, 2013 trial of this proceeding is **UPSET** and **RESCHEDULED** to January 21, 2014, and all remaining deadlines in the Scheduling Order issued April 11, 2012, *R. 65*, are extended for 180 days.

**IT IS FURTHER ORDERED** that the pending motions for summary judgment filed by plaintiff, Michael Leger, *R. 92, 101*, are **DENIED** and may be re-filed within the extended deadline for filing dispositive motions.

**THUS DONE AND SIGNED** this 6ᵗʰ day of February, 2013 at Lafayette, Louisiana.

Richard T. Haik, Sr.
United States District Judge